**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PERFORMANCE FOOD GROUP, INC.**                                          **PLAINTIFF**

**v.**                              **Case No**. **4:20-cv-01381 KGB**

**TODD TUCKER, CODY SMITH,**
**STEVEN JONES, WILLIAM SHARP,**
**DARREL HOUSLEY, CHAD HAYNES,**
**and SYSCO CORPORATION,**                                          **DEFENDANTS**

**AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT**

Before the Court is the joint motion to enter permanent injunction and final judgment filed by plaintiff Performance Food Group, Inc. ("PFG"), and defendants Todd Tucker, Cody Smith, Steven Jones, William Sharp, Darrell Housley, and Chad Haynes ("Individual Defendants") and Sysco Corporation ("Sysco") (Dkt. No. 34).  The parties represent that they have entered into a settlement agreement which fully and finally resolves the claims asserted in this case (*Id.*, at 1). The parties further represent that, as part of the settlement agreement, the parties have agreed to the entry of a permanent injunction and final judgment (*Id.*).  The Court has subject matter jurisdiction, and the parties agree that the Court has personal jurisdiction over them.  The parties further agree to waive any and all rights and defenses that might preclude entry and the full force and effect of this Order.  The parties further agree that this Order is non-appealable.  Accordingly, the Court orders as follows:

1.    Each of the Individual Defendants will not disclose or use any PFG confidential information (as that term is defined in their PFG Agreements) obtained or otherwise acquired during the course of that Individual Defendant's employment with PFG, until the respective expiration date of the restrictions on such use and disclosure under PFG's Nondisclosure and Nonsolicitation Agreements with each of Mr. Tucker, Mr. Smith, Mr. Jones, Mr. Sharp, and Mr. Haynes, and PFG's Employee Nondisclosure and Nonsolicitation Agreement with Mr. Housley (each of the foregoing agreements, a "PFG Agreement"), as follows:

   a.    Mr. Tucker until October 2, 2022.

     b.     Mr. Smith until October 2, 2022.

     c.     Mr. Jones until October 13, 2022.

     d.     Mr. Sharp until October 16, 2022.

     e.     Mr. Haynes until October 15, 2022.

     f.     Mr. Housley until October 1, 2022.

2.     Each of the Individual Defendants will not, either on his own account or for any person, firm, partnership, corporation, or other entity (i) solicit, interfere with, or endeavor to cause any employee of PFG to leave his or her employment; or (ii) induce or attempt to induce any such employee to breach her or his employment agreement with PFG, until the respective expiration date of such restrictions under each Individual Defendants' PFG Agreement, as follows:

     a.     Mr. Tucker until October 2, 2021.

     b.     Mr. Smith until October 2, 2021.

     c.     Mr. Jones until October 13, 2021.

     d.     Mr. Sharp until October 16, 2021.

     e.     Mr. Haynes until October 15, 2021.

     f.     Mr. Housley until October 1, 2021.

3.     Until October 2, 2021, Mr. Tucker will not solicit, induce, or attempt to induce the customers listed in Exhibit A of this Order, filed under seal, to stop or reduce doing business with PFG or to purchase products and services that compete with the products and services offered by PFG.

4.     Until October 2, 2021, Mr. Smith will not solicit, induce, or attempt to induce the customers listed in Exhibit B of this Order, filed under seal, to stop or reduce doing business with PFG or to purchase products and services that compete with the products and services offered by PFG.

5.     Until October 13, 2021, Mr. Jones will not solicit, induce, or attempt to induce the customers listed in Exhibit C of this Order, filed under seal, to stop or reduce doing business with PFG or to purchase products and services that compete with the products and services offered by PFG.

6.     Until October 16, 2021, Mr. Sharp will not solicit, induce, or attempt to induce the customers listed in Exhibit D of this Order, filed under seal, to stop or reduce doing business with PFG or to purchase products and services that compete with the products and services offered by PFG.

7.      Until October 15, 2021, Mr. Haynes will not solicit, induce, or attempt to induce the customers listed in Exhibit E of this Order, filed under seal, to stop or reduce doing business with PFG or to purchase products and services that compete with the products and services offered by PFG.

8.      Until October 1, 2021, Mr. Housley will not solicit, induce, or attempt to induce the customers listed in Exhibit F of this Order, filed under seal, to stop or reduce doing business with PFG or to purchase products and services that compete with the products and services offered by PFG.

All costs and attorneys' fees shall be the responsibility of the party incurring same, except as otherwise agreed in the parties' confidential settlement agreement.

For good cause shown, the Court grants the parties' joint motion for leave to file documents under seal (Dkt. No. 35).  Exhibits A–F to the parties' joint motion may be filed under seal.

This Order resolves all matters between all parties in this lawsuit and is a final Order disposing of the lawsuit and all claims asserted by PFG in the lawsuit with prejudice.  Pursuant to the agreement of the parties, the Court finds that the Individual Defendants have waived their appellate rights with respect to this Order.  The Court shall retain jurisdiction to enforce this Order, including by contempt or further injunctive relief.

It is so ordered this 27th day of September, 2021, *nunc pro tunc* February 13, 2021.

_____
Kristine G. Baker
United States District Judge


AGREED AS TO FORM AND SUBSTANCE BY:

*Rodney A. Satterwhite*
Rodney A. Satterwhite, Attorney for Plaintiff

*Peter J. Stuhldreher*
Peter J. Stuhldreher, Attorney for Defendants